UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| UNITED STATES OF AMERICA | ) | |
| --- | --- | --- |
| | ) | No. 09 CR 516 |
| v. | ) | |
| | ) | Judge Robert W. Gettleman |
| DAVID J. HERNANDEZ | ) | |

## AGREED PROTECTIVE ORDER DIRECTING THE
## INTERLOCUTORY SALE OF CERTAIN PROPERTY

This matter coming before the Court on the government's agreed motion for entry of a protective order directing the interlocutory sale of certain property, pursuant to the provisions of Title 21, United States Code, Section 853(e)(1)(A), as incorporated by 28 U.S.C. § 2461(c), and the Court being fully advised finds as follows:

(a) On June 12, 2009, the following vehicles were seized from Gina Hernandez pursuant to seizure warrants issued in the United Statse District Court for the Northern District of Illinois:

1. one 2009 Audi Quattro, VIN: WAULF78K69A135403 ("2009 Audi"); and

2. one 2007 Mercedes Benz ML350, VIN: 4JGBB86E97A212495 ("2007 Mercedes Benz");

(b) On July 9, 2009, an indictment was returned charging DAVID J. HERNANDEZ with mail fraud in violation of Title 18, United States Code, Section 1341. The indictment sought forfeiture to the United States of certain property, including but not limited to the subject vehicles, pursuant to the provisions of 18 U.S.C. § 981(a)(1)(C);

(c) On January 28, 2010, pursuant to Fed. R. Crim. P. 11, defendant DAVID J. HERNANDEZ entered a voluntary plea of guilty to Count One of the indictment, charging him with mail fraud in violation of 18 U.S.C. § 1341, thereby making certain property subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C);

(d)     On March 2, 2011, the Court entered a preliminary order of forfeiture forfeiting all right, title, and interest of defendant DAVID J. HERNANDEZ in a $6,441,000 judgment and the foregoing vehicles, among other property. The preliminary order of forfeiture also directed the United States Marshals Service to seize and take custody of the property. Further, the United States was ordered to publish notice of the government's intention to forfeit the foregoing property and dispose of the property according to law;

(e)     Kaylie Nelson, as Kaylie Hernandez, is the title holder of the 2009 Audi. Gina Hernandez is the title holder of the 2007 Mercedes Benz;

(f)     To date, no parties have filed a petition contesting the forfeiture of the subject vehicles, and the government is unaware of any additional potential third party interests in the subject vehicles. The time for filing such a petition has not yet expired under applicable law;

(g)     Pursuant to a stipulated agreement executed by the United States and title holders Gina Hernandez and Kaylie Nelson, through their attorney Ryan Stoll, the parties consented to the sale of the subject vehicles, and upon payment of certain costs, the net proceeds shall be held in escrow by the United States Marshals Service, pending further order of the Court;

(h)     Pursuant to 21 U.S.C. § 853, as incorporated by 28 U.S.C. § 2461(c), this Court has jurisdiction to enter orders or to take other action to preserve and to protect property to insure that the property or its equity will be available for forfeiture in the event of conviction;

(i)     Title 21, United States Code, Section 853(e)(1), as incorporated by 28 U.S.C. § 2461(c), provides in pertinent part:

> Upon application of the United States, the Court may enter a restraining order or injunction, require the execution of a satisfactory performance bond, or take any other action to preserve the availability of property described in

2

subsection (a) of this section for forfeiture under this section -

> (A) upon the filing of an indictment or information charging a violation of this subchapter or subchapter II of this chapter for which criminal forfeiture may be ordered under this section and alleging that the property with respect to which the order is sought would, in the event of conviction, be subject to forfeiture under this section;

(j) Accordingly, in order to preserve the availability of equity in the foregoing vehicles subject to forfeiture, the United States requested that this Court enter a protective order directing the interlocutory sales of the subject vehicles. The United States requested that the net proceeds from the sale be retained in escrow by the United States Marshals Service, pending further order of this Court.

Accordingly, it is hereby ORDERED, ADJUDGED, AND DECREED:

1. That the government's agreed motion for entry of a protective order, pursuant to the provisions of Title 21, United States Code, Section 853(e)(1)(A), as incorporated by 28 U.S.C. § 2461(c), and to the terms of the stipulated agreement entered into by the United States and title holders Gina Hernandez and Kaylie Nelson, through their attorney Ryan Stoll, is granted. It is further ordered,

2. That, the following vehicles shall be sold by the United States Marshals:

   (a) one 2009 Audi Quattro, VIN: WAULF78K69A135403 ("2009 Audi"); and

   (b) one 2007 Mercedes Benz ML350, VIN: 4JGBB86E97A212495 ("2007 Mercedes Benz").

It is further ordered,

3. That the proceeds from the sales of the subject vehicles, after the payment of certain verifiable costs, including reasonable and necessary costs incurred by the United States Marshals

Service to effectuate the sale of the subject vehicles and incurred to maintain the subject property, shall be retained in the Seized Assets Deposit Fund by the United States Marshals Service pending further order of this Court. It is further ordered,

4. That, the proceeds from the sales of the subject vehicles shall be considered substitute *res* for the vehicles subject to forfeiture. It is further ordered,

5. That this Court shall retain jurisdiction in this matter to take additional action and enter further orders as necessary to implement and enforce this protective order directing the interlocutory sales of the subject vehicles.

*[signature]*

ROBERT W. GETTLEMAN
United States District Judge

DATED: May 6, 2011